132

### 22381. BLACKMOND v. ATLANTA GAS-LIGHT COMPANY.

DECIDED NOVEMBER 18, 1932. REHEARING DENIED DECEMBER 22, 1932.

*J. I. Hynds,* for plaintiff.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for defendant.

PER CURIAM. On July 24, 1930, Raymond Blackmond suffered an injury to his right leg while working as a laborer for the Atlanta Gas-Light Company. On August 28, 1930, Blackmond filed his application for a hearing before the industrial commission. On August 18, 1931, Blackmond died, his death occurring after evidence had been introduced in his case, but before an award was made. On August 28, 1931, Leila Blackmond, widow of Raymond, filed with the industrial commission her application for a hearing to determine liability and compensation on account of the injury sustained by her husband. The single commissioner denied compensation, and, on appeal, the full commission sustained his finding. An appeal to the superior court was taken and was overruled, and in due course the case reached this court.

The controlling question for determination is whether or not Blackmond's death resulted naturally and proximately from his injury, it being admitted that "the injury arose out of and in the course of the employment." It appears that an automobile struck the truck in which Blackmond and several others were riding, and that Blackmond was thrown back in the truck and in some way had his right ankle and knee twisted. Because of his injury, Blackmond had to stop work for about thirteen days. At the end of that time he began work again, but, after working for seven or eight weeks at labor that was lighter than that in which he was formerly engaged, he was forced to quit again. After a rest of some duration, he started to work again, but, after about three weeks labor, was forced to stop work permanently.

The record is voluminous, and we do not deem it worth while to

set out the testimony and conclusions of the various expert witnesses. It appears from the "anatomical diagnosis" that Blackmond had "arteriosclerosis generalized; a chronic fibrotic nephritis; chronic myorcarditis, with dilation; chronic splenitis; and a cerebral edema of the brain on the left side." In passing upon the case Commissioner T. E. Whitaker said: "Five doctors testified in the case. Dr. C. M. Curtis was not certain as to his conclusion. Doctors Roberts, Newberry, Teasley, and Norris were certain, and testified positively that they could see no causal connection whatever between the injury received on July 24, 1930, and the disease which caused the death and the disabled condition of Raymond Blackmond. Dr. Norris stated specifically that, in his opinion, the diseases were of long standing and antedated the date of the injury received. The general trend of the testimony of the doctors . . corroborated the conclusion of Dr. Norris."

We have read the record with great care, and are of the opinion that none of the expert witnesses knew which of Raymond Blackmond's catalogue of diseases caused his death. We are further of the opinion that the claimant failed to adduce sufficient competent evidence to show that the disease, or diseases, which caused the death of the employee resulted naturally and proximately from the injury.

In conclusion, we hold that his honor of the superior court did not err in overruling the appeal and approving the award.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*